IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CEDRIC TAYLOR | § | |
| v. | § | CIVIL ACTION NO. 5:08cv54 |
| SGT. EDWARDS, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff Cedric Taylor, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his original complaint, Taylor states he was assaulted by Sgt. Edwards and Sgt. Driggers. The date which he gives in the complaint is November 12, 2008, but this was obviously a simple error, as the complaint was filed in March of 2008; the grievances and records show that the correct date is November 12, 2007.

The Magistrate Judge ordered the Defendants to answer, and on October 22, 2009, the Defendants filed a motion for summary judgment. The Defendants argue that summary judgment is appropriate because Taylor did not exhaust his administrative remedies; the injuries which were observed when Taylor was seen by the medical department were *de minimis* and did not comport with his description of the event; and, the Defendants are entitled to qualified immunity. Taylor has filed a motion for summary judgment of his own, but did not specifically respond to the motion of the Defendants.

1

In his motion for summary judgment, Taylor states he was released from 11 Building on Monday night, which he states was November 11; however, November 11, 2007, fell on a Tuesday. He contends that when Driggers and Edwards came to escort him to 8 Building, he told them that he wanted to refuse that housing and file a life endangerment claim against a sergeant named Studdard. He was placed in a cell and asked the run officers several times to get a sergeant, but they kept telling him to wait. He "got impatient" and wrote an inmate request, asking that it be delivered to Edwards. A few minutes later, he again stopped some officers on the run, and they told him that Edwards had received the note. Taylor states that since the note did not get Edwards' attention, he decided that throwing water on the officers would. He did throw some water on the officers, and Edwards came to his cell. At this point, he was handcuffed and taken out of the cell, and the assault allegedly took place.

In the Defendants' motion for summary judgment, they state that Taylor did not file a Step One or a Step Two grievance, no. 2008076117, concerning this incident. Instead, they say that Taylor attached a purported copy of a Step Two grievance to his complaint; however, this grievance did not say anything about being assaulted by the defendants, and it was not filed until February 4, 2008, well after the time period to file grievances had elapsed.

The Step One grievance no. 2008076117 was signed by Taylor on January 14, 2008, and complained about a disciplinary case which Taylor had received for burning a mattress. The Step One grievance upheld the disciplinary case. In the Step Two grievance, Taylor complained about the disciplinary case, and also said that he had been "falsely accused of swinging at a sergeant." The Step Two grievance also contained the statement that "plus, two of your sgt.'s did beat me up in handcuffs and never reported incident."

After review of the pleadings, the Magistrate Judge issued a Report on January 12, 2010, recommending that Defendants' motion for summary judgment be granted on the issue of exhaustion and that the lawsuit be dismissed. The Magistrate Judge observed that the Supreme Court has held that exhaustion of administrative remedies means "proper" exhaustion, in compliance with the

grievance system's procedural rules, including deadlines. In this case, the Magistrate Judge stated, Taylor raised his complaint of an assault for the first time in his Step Two grievance, which is improper, and both the Step One and Step Two grievances were filed well after the 15-day deadline. Thus, the Magistrate Judge recommended that the motion for summary judgment be granted on the exhaustion issue and that the lawsuit be dismissed with prejudice.

Taylor filed objections to the Magistrate Judge's Report on February 4, 2010. In his objections, Taylor alleges first that he did file a Step One grievance on the incident but he never received a response. He also claims he was placed on transient status on the day after the assault and that this requires "an incident report and / or a grievance," and so he has "exhausted numerous administrative remedies through different staffing officers." In support of his objections, he attaches a declaration in which he states that he filed a Step Two complaint but did not get a response, and that he had a "personal interview with the regional director who did intentionally bribe information, so most material evidence should hold harmless error."

On February 11, 2010, Taylor filed a "declaration for entry of default judgment," together with a request to amend his complaint. He states that he did exhaust his administrative remedies. In the proposed amended complaint, Taylor states that on November 13, 2007, he presented the facts relating to this complaint, and on December 4, 2007, he was sent a response saying that his grievance was denied, and so on December 27, 2007 he appealed the denial.

Taylor attaches a grievance form to his proposed amended complaint in support of his assertion. This grievance form is a Step One, no. 2008066437, dated December 27, 2007, and was received by the grievance office on December 28. In this grievance, Taylor claims that he is complaining about security personnel at the Telford Unit, including Edwards and Driggers. He alleges that the security personnel are exhibiting "deliberate unprofessionalism," and are participating in "belligerent misconduct" and "official oppression." Taylor states that he renounced his gang affiliation several months ago and has complained to a number of officers that "I literally have people that want to harm me." He states that he does not possess any valuable information and

3

so the staff is not taking his complaints seriously, and that other inmates have been moved who face a less detrimental situation than he does. Taylor complains about the unit classification committee and contends that the officers show "disrespect for the rules." Taylor adds that he expects to be retaliated against for this grievance but states that he will continue to complain. For relief, Taylor asks for an investigation of his claims and to be placed "anywhere out of harm's way." He also asks that a copy of the grievance be placed in his file for future reference in case he gets assaulted or the problem continues. The grievance makes no mention of an assault on November 13, 2007, or of any other specific incident.

Taylor's objections to the Magistrate Judge's Report, incorporating his "declaration for entry of default" as well as the proposed amended complaint, are without merit. In this declaration," Taylor states that the defendants were served with a copy of the complaint on May 16, 2008. On April 17. 2009, the Defendants were ordered to answer. They filed their answer on May 19, 2009, and are not in default.

Taylor goes on to contend that the Magistrate Judge's Report recommending dismissal of the lawsuit for failure to exhaust administrative remedies is "an abuse of discretion " because he filed "numerous statements that strongly count as complaints prior to filling out an actual Step 1 grievance and Step 2 grievance." He states that these statements were "later honored for investigations" and that it was only until later that he was able to get grievance forms, which he states are now attached to this motion. Taylor contends that to dismiss his complaint for failure to exhaust administrative remedies, which was through no fault of his own, is an abuse of discretion. In addition, Taylor states his complaint should not be dismissed because the Defendants did not offer admissible evidence showing that their actions were proper.

There are no grievance forms attached to the declaration, although Taylor did attach some to his proposed amended complaint, which was filed on the same day as his declaration for entry of default. In his proposed amended complaint, Taylor states he filed a grievance on November 13, which was returned to him on December 4, and he filed an appeal on December 27; however, the

grievance which he filed on December 27 is a Step One, which is not an appeal. In addition, even if Taylor was correct, his pleadings show that he waited 23 days in which to file his purported appeal, which exceeds the TDCJ time limits and thus would not constitute "proper exhaustion." *See* TDCJ Offender Orientation Handbook, p. 52 (giving inmates 15 days in which to file the Step Two appeal from the denial of a Step One grievance) (available online at http://www.tdcj.state.tx.us/ publications/cid/publications-cid-offender-orientation-handbook.htm). Finally, a review of this grievance attached by Taylor shows that it makes no mention of the incident forming the basis of this lawsuit, an alleged assault on November 12, 2007. Instead, it complains generally about unspecified acts of misconduct by various prison officials, including the Defendants as well as others.

The Fifth Circuit has stated that in deciding how much detail in a grievance is required in a given case, the court must interpret the exhaustion requirement in light of its purposes, including giving officials the time and opportunity to address complaints internally. *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004). For example, the court said, if an inmate claims that a guard acted improperly, the administrators responding to the grievance would want to know such details as who was involved, when the incident occurred, or other information about the incident which would permit an investigation of the matter. *Johnson*, 385 F.3d at 517.

In this case, Taylor's Step One grievance, attached to his purported amended complaint, wholly fails to mention any incident taking place on November 12, 2007, thus rendering it impossible for prison officials to investigate such an incident occurring on that date. The mere fact that he named Edwards and Driggers in the context of a general complaint that various guards had been acting inappropriately would not alert prison officials to investigate a claim of a use of force occurring on November 12, 2007. Hence, this grievance did not serve to exhaust Taylor's administrative remedies even had it been filed in a timely and proper manner, which it was not.

Nor does the grievance in which Taylor did mention the alleged assault serve to exhaust his administrative remedies. As the Magistrate Judge pointed out, Taylor raised this complaint for the first time in a Step Two grievance, which is improper, and the Step One grievance concerned an

5

appeal of a disciplinary case unrelated to the incident in question. Thus, Taylor also violated TDCJ's rule against raising more than one issue in a grievance. The summary judgment evidence shows that Taylor has failed to exhaust his administrative remedies, and his objections to the Report of the Magistrate Judge are without merit.

Taylor's "declaration for entry of default" lacks merit on its face because the Defendants are not and never have been in default. That portion of the "declaration for entry of default" which challenges the Report of the Magistrate Judge has been considered as part of Taylor's objections to the Report and is without merit.

Taylor's proposed amended complaint also states no basis upon which to reject the Magistrate Judge's Report or to otherwise show that the Respondent's motion for summary judgment should be denied. The proposed amended complaint fails to overcome the Defendants' motion for summary judgment and thus would be futile should leave to amend be granted. *See Halbert v. City of Sherman, Texas*, 33 F.3d 526, 529-30 (5th Cir. 1994) (if plaintiff's claim would fail as a matter of law, based on a well-developed record, remand to allow leave to amend would not be required); *accord, Armenta v. Chapman*, slip op. no. 09-40368, 2010 WL 935360 (5th Cir., March 16, 2010) (where amendment would be futile to the plaintiff's claims, there was no abuse of discretion in denying leave to amend).

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's original and amended complaints, the motions for summary judgment filed by the parties, the Report of the Magistrate Judge, and the Plaintiff's objections thereto, including the Plaintiff's motion for default and proposed amended complaint. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 32) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 26) is hereby GRANTED and that the above-styled civil action be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action, specifically including but not limited to the Plaintiff's "declaration for entry of default," docket no. 35, and motion for leave to file an amended complaint, docket no. 36, are hereby DENIED.

SIGNED this 18th day of May, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE